HAWAIIAN AIRLINES, Appellant

v.

AMERICAN SAMOA GOVERNMENT ex rel.
GEORGE NERU, Appellee

HAWAIIAN AIRLINES, Appellant

v.

AMERICAN SAMOA GOVERNMENT ex rel.
AFAESE UIKIRIFI, Appellee

High Court of American Samoa
Appellate Division

AP No. 5-89
AP No. 6-89

June 19, 1989

Before REES, Associate Justice.

Counsel: For Appellant, Charles Ala'ilima
 For Appellee, Tauivi Tuinei, Assistant
 Attorney General

On Request for Extension of Time to File Brief:

The trial court decision from which these consolidated appeals are taken was rendered on February 16, 1989. A motion for new trial was denied on March 20 and a notice of appeal filed the same day. Appellant's brief was timely filed on April 24, and appellee's brief was due on May 25.

By the May 25 deadline appellee had neither filed its brief nor moved for an extension of time to file. On June 19, 1989, almost a month after the deadline and about a month before the scheduled session of the Appellate Division, counsel for appellee (Assistant Attorney General Tauivi Tuinei, who also served as counsel at trial) requests a 45-day extension of the time for filing his overdue brief. The filing appears to be ex parte. It does not mention the fact that the brief is already overdue, and gives no explanation other than that "[a]ppellees are awaiting information from Washington, D.C. to complete their research."

The requested 45-day extension is denied for the following reasons:

1) It was not filed with proof of service on the opposing party, as is required by Appellate Court Rule 27(a).

2) Counsel offers no excuse for his failure to have moved for an extension of the deadline before rather than after it had passed.

3) It is not clear whether counsel is asking for an additional forty-five days from the original deadline or forty-five days from the date of his motion. A 45-day extension from June 19 would have the effect of depriving appellant of its right to

117

be heard at the upcoming July session of the Appellate Division. The next regular session after this one will probably be held late in 1990, over one and one-half years after the trial court decision in the present case. Even if the present motion had been timely filed with notice to the other party, no extension would have been granted unless it would have permitted the case to be considered at the July 1989 appellate session.

Appellate Court Rule 31(c) provides that an appellee who fails to file his brief on time will not be heard at oral argument except by permission of the appellate division. Since the effect of such a sanction in the present case would fall not on counsel Tuinei nor even on his employer, but on innocent third parties to whom counsel appears to have breached a fiduciary responsibility, the Appellate Division may prefer to impose another sanction.

Accordingly, counsel Tuinei is directed to file a brief on behalf of appellees by July 9, 1989. The full Appellate Division will decide whether to accept the brief, whether to permit oral argument, and whether to impose other sanctions. If counsel wishes to supply the Court with an explanation for his failure to move for the extension of the deadline before it had expired, or for his failure to comply with the rule requiring certification of notice to opposing counsel, he should do so on or before July 9.

It is so ordered.